**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMMY DALE WHITAKER**                                           **PLAINTIFF**

**v.**                                                                                              **No. 1:10CV254-A-V**

**DAVID LANCASTER, ET AL.**                                        **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Timmy Dale Whitaker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Whitaker alleges that defendant Alcorn County Sheriff Charles Rinehart transferred Whitaker to the City of Corinth Jail, where Whitaker was attacked by Corinth jail personnel and was then denied medical treatment for about eight hours. For the reasons set forth below, Rinehart's motion for summary judgment will be granted, and judgment will be entered in his favor.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the

burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts[1]**

The Plaintiff, Timmy Dale Whitaker, was transferred from Parchman Correctional Facility to the Alcorn County Jail, on July 16, 2010, in order to attend court proceedings in Alcorn County related to pending criminal charges. Shortly after Whitaker arrived at the County Jail, Alcorn County Sheriff Charles Rinehart ordered Whitaker transferred to the City of Corinth Jail. See Affidavit of Sheriff Charles Rinehart, attached to his Motion for Summary Judgment as Exhibit "A."

Sheriff Rinehart ordered the transfer to prevent Whitaker from tainting the testimony of two other inmates at the County Jail who were planning on testifying against Whitaker in the case that necessitated his transfer from Parchman to Alcorn County. *Id.* Whitaker claims that several days after he arrived at the City of Corinth Jail, he was physically assaulted by officers of the City of Corinth Police Department and denied medical treatment for his resultant injuries for approximately eight (8) hours. See Plaintiff's Complaint, attached to Motion for Summary Judgment as Exhibit "B."

On October 15, 2010, Whitaker filed the present complaint. See Exhibit "B" of Rinehart's Motion for Summary Judgment. In it, he claims that Sheriff Rinehart and others, in both their official and individual capacities, violated his constitutional right to be free from excessive force, retaliated against him for filing a previous lawsuit, and failed to render constitutionally adequate medical care. *Id.* Whitaker also makes other ill-defined claims against the defendants. He seeks compensatory and punitive damages from all defendants. *Id.*

---

[1]For the purposes of this opinion and judgment only, the court has construed the facts in the light most favorable to Whitaker, the non-movant.

**Sheriff Rinehart Had No Personal Involvement in the Alleged Attack or the Alleged Denial of Adequate Medical Care**

Based upon Whitaker's allegations, all Sheriff Rinehart did was order Whitaker's transfer to the Corinth City Jail. *See Tighe v. Wall*, 100 F.3d 41 (5th Cir. 1996) (prisoner has no constitutionally protected interest in a particular facility or a specific work assignment). Rinehart played no part in any beating or denial of medical care. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Sheriff Rinehart had any personal involvement or caused the incident in any way. Sheriff Rinehart merely ordered Whitaker's transfer to the Corinth City Jail, where, according to Whitaker, personnel from that jail attacked him. Sheriff Rinehart has no authority over Corinth City Jail personnel and did not participate in the alleged attack. As such, Whitaker's claim for excessive force against Sheriff Rinehart must be dismissed.

**Retaliation**

The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In this case, Whitaker must prove that he engaged in constitutionally protected activity

(the filing of a previous suit), faced a consequence of a beating, and that the Sheriff Rinehart administered or facilitated the beating "in an effort to chill [Whitaker's] access to the courts or to punish [him]for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The relevant showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

In this case, Whitaker has neither alleged nor proved that Sheriff Rinehart had reason to know that Whitaker would be attacked the Corinth City Jail – a facility over which he holds no authority. In the absence of such knowledge, a transfer to another facility simply does not constitute a retaliatory act on the part of Sheriff Rinehart, as a prisoner has no constitutionally protected interest in being housed in a particular facility. *Tighe v. Wall*, 100 F.3d 41 (5th Cir. 1996). For these reasons, Whitaker's claim against Sheriff Rinehart for retaliation must be dismissed.

In sum, the motion [46] for summary judgment by defendant Sheriff Rinehart will be granted, and judgment will be entered in his favor. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 9th day of April, 2012.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**