IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TIMMY DALE WHITAKER**  **PLAINTIFF**

**v.**  **No. 1:10CV254-A-V**

**DAVID LANCASTER, ET AL.**  **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Timmy Dale Whitaker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [36] for summary judgment, and Whitaker has responded. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted in part; judgment will be entered for all remaining defendants except Mike Shipman, and the parties will provide further briefing on the sole issue remaining in the case – the extent of Whitaker's injuries arising out of the incident.

**Claims**

Whitaker brings claims that, while he was incarcerated at the Corinth City Jail, the defendants used excessive force against him and denied him adequate medical care afterwards in violation of the Fourteenth Amendment to the Constitution of the United States. He brings his claim under 42 U.S.C. § 1983.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d

427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

Timmy Dale Whitaker ("Whitaker") was transferred from Mississippi State Penitentiary to the Alcorn County Jail on July 16, 2010 to attend court proceedings in Alcorn County related to pending criminal charges. Shortly after Whitaker arrived at the County Jail defendant Sheriff Charles Rhinehart ordered that he be transferred to the City of Corinth Jail.[2]

Whitaker alleges that several days after he arrived at the City of Corinth Jail he was physically assaulted by multiple officers of the Corinth Police Department – then denied medical treatment for his resultant injuries for approximately eight hours.[3] He claims that he was the victim of an unprovoked physical assault by approximately five to ten Corinth Police Officers at approximately 1:30 a.m. on July 23, 2010.[4]

Whitaker does not know the number of officers who were present during the alleged assault but admitted during his deposition that he and the officers were "kind of up into it" and "kind of verbally had words" at the time of the alleged assault.[5] Whitaker cursed at the officers

---

[1] For the purpose *only* of the present memorandum opinion regarding summary judgment, the court has assumed many facts alleged by the plaintiff to be true. The defendants' version of the facts differs in substance. The court has not found these facts against the defendants.

[2] See Affidavit of Sheriff Charles Rinehart, [Doc. 46-1].

[3] See Complaint [Doc. 1].

[4] See Deposition Excerpts of Timmy Dale Whitaker, Pgs. 39:8 through 42:6, attached to Defendants' Motion as Exhibit "D".

[5] See Exhibit "D" to Motion, Pg. 82:3-11.

at some point during the incident, though the timing of his cursing is not clear.[6] Whitaker then changed his story, claiming that he was peacefully sitting in his cell when the officers came in, and, when the officers could not find the tobacco they were searching for, they got angry and assaulted him.[7] The officers did, however, find tobacco in Whitaker's cell, a can of dipping tobacco under the mattress.

Whitaker claims that all of the remaining defendants except Chief Lancaster worked together to restrain him – and that defendant Mike Shipman then kicked him in the head and held Whitaker's head down by stepping on it. It is clear from Whitaker's deposition testimony that all the defendants (except Shipman) simply acted to restrain him.

A free world doctor examined and treated Whitaker about eight hours after the incident. He complained that his ear and jaw were sore, that his left ear was ringing so that he could not hear out of it, and that his elbow hurt. The doctor found that the left side of Whitaker's jaw was slightly swollen and tender, but with full range of motion. Whitaker's left ear canal was also slightly swollen; however, the doctor determined Whitaker's hearing to be intact from performing several tests, including speaking to him from behind on both the right and left sides, then whispering to him from more than five feet away. Whitaker heard and responded each time. In addition, the doctor found that Whitaker's elbow was "tender" to the touch when he brought his arm near his chest. The doctor further found that Whitaker's lungs sounded "coarse" from smoking. The doctor ordered x-rays of Whitaker's head and elbow and prescribed non-steroidal anti-inflammatory ("NSAID") medication and ice packs on Whitaker's jaw and elbow two to three times per day for two days. The doctor also recommended that Whitaker stop smoking to

---

[6] See Exhibit "D" to Motion, Pg. 82:3-4.

[7] See Exhibit "D" to Motion, Pg. 87:22-25 through 88:1-6.

prevent further damage to his lungs.

## Eighth Amendment or Fourteenth Amendment Analysis

The parties have argued whether analysis of this case should proceed under the Eighth Amendment, which protects those confined after being convicted of a crime, or the Fourteenth Amendment, which protects those in pretrial detention. It appears that, at the time of the incident in question, Whitaker was a Mississippi Department of Corrections inmate who was moved, ultimately, to the Corinth City Jail to attend a trial, which would lead to an analysis under the Eighth Amendment. The standard for reviewing the issues in this case is the same, whether analyzed under the Eighth or Fourteenth Amendment, and the court will proceed with the case as an Eighth Amendment claim.

## Excessive Force

Timmy Dale Whitaker claims that the defendants used excessive force against him in violation of the Eighth Amendment prohibition against cruel and unusual punishment. In analyzing excessive force claims, courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to use force effectively to maintain prison order. To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

Factors which are relevant to this issue include, but are not limited to "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible

officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

In this case, the plaintiff's claim of excessive force fails on its face as to the following defendants: Robert Lloyd, Ryan Swallows, Camery Calvery, Mickey Young, and David Lancaster. From Whitaker's pleadings and deposition, it is clear that Lloyd, Young, Calvery, and Swallows merely restrained him during the incident, and David Lancaster was not even present at the time. Whitaker's claim of excessive force against these defendants will, therefore, be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff further claims that defendant Mike Shipman kicked him in the head, then

*"mashed it hard against the floor"* by stepping on it, causing ringing in his ears. He claims that he received injuries to the side of his face (jaw and cheek), his elbow, and his ear from the encounter. The examination by the free world doctor, however, appears to show these injuries to be *de minimis*. He had slight swelling of his jaw, ear canal, and elbow. He was given an NSAID and sent away. Further, despite Whitaker's complaints to the contrary, the doctor found that he could hear out of both ears.

Whitaker's allegation in the present case that he suffered ringing in his ears as a result of the altercation brings to the court's attention the striking similarity between Whitaker's current allegations – and those in a case Whitaker brought in this court in 2005, *Whitaker v. Taylor*, 1:05CV147-D-A. In that case, as in the present case, Whitaker alleged that jail personnel attacked him without provocation, and that Sheriff Jimmy R. Taylor, among other things, *"smashed [Whitaker's] face into the floor,"* causing ringing in his ears. *Whitaker v. Taylor*, 1:05CV147-D-A. In that case, as in the present case, Whitaker also alleged that a member of the jail staff approached him and acknowledged that the incident was entirely the fault of his fellow staff. In that case, as in the present case, Whitaker complained about being moved from jail to jail. The eery similarity between the allegations in these cases is not lost on the court. As Whitaker has submitted pleadings to the court, under penalty of perjury, that he already suffered from tinnitus (ringing in the ears) just after his 2005 encounter, he can hardly complain that it arose from the present encounter five years later. The court, therefore, will not consider tinnitus as an injury sustained in the incident giving rise to this case.

In the absence of this entirely subjective complaint of injury, Whitaker is left only with a sore ear, sore jaw, and a sore elbow as injuries from his encounter with defendant Mike Shipman. A simlar in injury, "a sore, bruised ear lasting for three days – [is] *de minimis*." *Siglar*

*v. Hightower*, 112 F.3d 191, 193(5th Cir. 1997). The court does not, however, have the complete medical record regarding Whitaker's treatment for these injuries. At a minimum, the court requires the results of the x-rays performed on Whitaker's head and elbow to determine if there is any other objective evidence to make clear the extent of Whitaker's injuries. As such, the court will establish a briefing schedule to flesh out this issue.

**Denial of Medical Treatment**

Timmy Dale Whitaker's allegation that he was denied medical care fails on its face, as it does not come close to meeting the rigorous standard for that claim. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986),

*Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of it, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In this case, Whitaker was examined within eight hours of the incident (which took place in the wee hours of the morning) – and treated with a mild anti-inflammatory drug and a prescription for ice packs for two days. Whitaker alleges that he was not given his medication upon his later transfer to another facility. He has not, however, even alleged any harm from lack of his medication. As such, he has not stated a claim for denial of adequate medical care, and this allegation will be dismissed for failure to state a constitutional claim.

**Conclusion**

In sum, the motion by the defendants for summary judgment will be granted in part and denied in part. Whitaker's claim of denial of medical care will be dismissed as to all defendants, and his claim of excessive force will be dismissed as to all defendants except Mike Shipman. The court will set a briefing schedule as to the extent of Whitaker's injuries arising out of the

altercation. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 26th day of September, 2012.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**