IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TIMMY DALE WHITAKER**                                                 **PLAINTIFF**

v.                                                                          No. 1:10CV254-M-V

**DAVID LANCASTER, ET AL.**                                      **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Timmy Dale Whitaker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. In an earlier memorandum opinion and final judgment, the court dismissed all claims and defendants – except Whitaker's claim of excessive force against defendant Mike Shipman. The court requested and received additional briefing as to the extent of Whitaker's injuries arising out of the incident. The matter is ripe for resolution. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Discussion**

The sole remaining claim in this case is Whitaker's allegation that defendant Mike Shipman used excessive force against him. Medical records, including an exam approximately eight hours after the incident, and x-rays taken the same day, showed nothing more than *de minimis* injury. A free world doctor examined and treated Whitaker about eight hours after the incident. He complained that his ear and jaw were sore, that his jaw was "mashed in," that his left ear was ringing so much that he could not hear out of it, and that his elbow hurt. The doctor

found that the left side of Whitaker's jaw was slightly swollen and tender, but with full range of motion. No medical personnel made any reference to Whitaker's jaw being "mashed in." Whitaker's left ear canal was also slightly swollen; however, the doctor determined Whitaker's hearing to be intact from performing several tests, including speaking to him from behind on both the right and left sides, then whispering to him from more than five feet away. Whitaker heard and responded each time. In addition, the doctor found that Whitaker's elbow was "tender" to the touch when he brought his arm near his chest. The doctor further found that Whitaker's lungs sounded "coarse" from smoking. The doctor ordered x-rays of Whitaker's head and elbow and prescribed non-steroidal anti-inflammatory ("NSAID") medication and ice packs on Whitaker's jaw and elbow two to three times per day for two days. The doctor also recommended that Whitaker stop smoking to prevent further damage to his lungs. In his response to the court's request for additional briefing Whitaker claims that in the section entitled "Doctor's Orders," the doctor stated that Whitaker's jaw bone (calvarium) was "mashed in." However, a review of the document reveals that the doctor did not, in fact, make such a statement. The term "mashed in" appears first when the hospital intake person simply recorded Whitaker's complaint, which is not a medical finding. The only other place where the term "mashed in" appears is on the document containing the results of his head x-ray, and Whitaker, himself, hand-wrote the term on the document and initialed it. That altered document appears as an exhibit to Whitaker's additional briefing; however, the handwritten "mashed in" reference does not appear in the copy of the same document in the defendant's brief. Thus, though the plaintiff complained to the doctor of his jaw being "mashed in," neither the doctor nor the personnel conducting and interpreting the x-rays found any such thing. Indeed, the medical

examinations conducted on the same day of the incident show nothing more than *de minimis* injury. Likewise, the x-rays performed also revealed nothing more than *de minimis* injury.

### Excessive Force Discussion

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Eighth Amendment. A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Factors which are relevant to this issue include, but are not limited to "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993). The injury must be more than *de minimis*, but need not be significant. Indeed a "sore, bruised ear lasting for three days – was *de minimis*." *Siglar v. Hightower*, 112 F.3d 191, 193(5th Cir. 1997). Whitaker has not proved any of the elements necessary to sustain his claim of excessive force. First, as discussed in detail above, his injuries were *de minimis*, akin in severity to the sore, bruised ear in *Siglar, supra*. Second, Whitaker has conceded in his pleadings that he was not compliant with the defendant's orders. He argued with the officers, he looked back at the officers after being told to turn around. He, at some point, scuffled with the officers. Given Whitaker's behavior, certainly some force was necessary to gain his compliance. Third, the relationship between the need to use force and the amount of force applied was appropriate, given the *de minimis* nature of Whitaker's injuries. Fourth, the defendant could reasonably have perceived a threat simply from Whitaker's refusal to do what he was told, to turn away during the search of his cell. Fifth, it appears that the defendant tempered the severity of his response, as his actions caused only *de minimis* injury to Whitaker. In addition, Whitaker complains of only a single incident of force, which does not, except in extreme circumstances, constitute excessive force. *Jackson, supra*. Finally, the use of force – was not of a nature "repugnant to

the conscience of mankind," as set forth in *Hudson, supra*. Under these circumstances, Whitaker's claim of excessive force must be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 11th day of June, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**